**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

PROMEGA CORPORATION,

               Plaintiff,

        v.                         Case No.: 12-cv-49-wmc

APPLIED BIOSYSTEMS, LLC, and
CALIFORNIA INSTITUTE OF TECHNOLOGY,

               Defendants.

---

## ~~[PROPOSED]~~ PROTECTIVE ORDER FOR THE
## PRODUCTION AND EXCHANGE OF PROTECTED INFORMATION

---

### 1. INTRODUCTION AND SCOPE

This Protective Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.

Production or disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Protected Information under this Protective Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2. DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions of the Federal Rules of Civil Procedure and the Court's deadlines set out in the scheduling order in effect in this case. Nothing in this Protective Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

## 3. DEFINITIONS AND DESIGNATIONS

### 3.1 Producing Party

The term "Producing Party" shall refer to any party, including third parties, that produces documents or other discovery in this action, whether in response to a request for production, subpoena, or otherwise.

### 3.2 Receiving Party

The term "Receiving Material" shall refer to a party that receives documents or other discovery in this action from a Producing Party.

### 3.3 Discovery Material

The term "Discovery Material" shall refer to all documents and information governed by this Protective Order.

### 3.4 Protected Information

"Protected Information" is defined in this Protective Order as any Discovery Material that the Disclosing Party in good faith designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Any Protected Information obtained by any party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in Section 6 of this Protective Order.

The following information is not Protected Information, and therefore Discovery Material containing the following information shall not be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY:"

a) Any information which, at the time of disclosure to a Receiving Party, is lawfully in the public domain;

b) Any information which, after disclosure to a Receiving Party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

c) Any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

   d) Any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information.

### 3.5    CONFIDENTIAL Discovery Material

Protected Information may be designated as "CONFIDENTIAL" where Discovery Material relates to non-public, sensitive or confidential information. For purposes of this Protective Order, "CONFIDENTIAL" shall mean all information or material which is produced or disclosed, either through the formal discovery process or informally, to a Receiving Party; which ~~a Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to~~ constitute/or ~~to~~ contain/trade secrets or other confidential research, development, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party. Discovery Material may be designated as CONFIDENTIAL Discovery Material under this Protective Order when the Discovery Material contains private or confidential personal information, information received in confidence from any non-party to this litigation, or which ~~the Producing Party believes in good faith to be~~ *otherwise is* entitled to protection under Fed. R. Civ. P. 26(c)(1). In the event of a dispute over the scope of information that may be considered within the scope of CONFIDENTIAL Protected Information, the parties shall meet and confer to resolve any dispute prior to seeking resolution by the Court.

### 3.6    ATTORNEYS' EYES ONLY Discovery Material

Discovery Material may be designated "ATTORNEYS' EYES ONLY" when the information contained therein contains highly sensitive business or personal information, including trade secret or other proprietary or commercially sensitive information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party. The ATTORNEYS' EYES ONLY designation shall only apply to: (1) information about a party's products in development, (2) information about a party's non-public activities before the U.S. Patent and Trademark Office, (3) the party's financial information, or (4) any other highly sensitive information that a party believes should be so protected. In the event of a dispute over the scope of information that may be considered within the scope of ATTORNEYS' EYES ONLY Protected Information, the parties shall meet and confer to resolve any dispute prior to seeking resolution by the Court.

### 3.7    Outside Counsel

The term "Outside Counsel" shall mean outside attorneys for the parties working on this case, and includes any support personnel, technical advisors, paralegals, consultants, legal secretaries, legal clerks or other professionals employed by attorneys for the parties in connection with this case. and vendors providing clerical support. Nothing in this definition shall alter or replace the provisions of this Protective Order regarding Expert Witnesses and Outside Consultants, who are specifically excluded from this definition.

### 3.8    Expert Witnesses and Outside Consultants

The term "Expert Witness" shall mean an expert witness retained for the possibility of providing testimony in this action. The term "Outside Consultant" shall refer to a

5

consulting expert as defined in Federal Rule of Civil Procedure 26(b)(4)(D). Nothing in this Protective Order shall alter the timing or discoverability of expert opinions or communications from those set forth in the Federal Rules of Civil Procedure.

## 4. TIME AND MANNER OF DESIGNATION

### 4.1 Time of Designation

Designation of Discovery Material as containing Protected Information shall be made at the following times:

   a) For documents and things, prior to or at the time of the production of the document or thing;

   b) For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

   c) For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of the transcript of such testimony by the Designating Party. Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Designating Party, all testimony shall be treated as "ATTORNEYS' EYES ONLY."

### 4.2 Manner of Designation

Designation of Discovery Material containing Protected Information shall be made by placing a notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on Discovery Material in the following manner:

   a) For documents, a notation must appear on each page of such document;

b) For tangible items, a notation must appear on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

c) For declarations, written discovery responses, court filing or pleadings, the face of such document must indicate that the document contains Protected Information, and a notation must appear on each page of the document;

d) For testimony, Outside Counsel for either party or the deponent may designate on the record at the deposition any testimony as containing Protected Information under this Protective Order. A notation must appear on each page of designated testimony containing or referencing Protected Information, and shall be treated in accordance with the terms of this Protective Order;

e) For any Protected Information not reduced to documentary, tangible or physical form, or which resists convenient designation, shall be designated by informing the Receiving Party of the designation in writing; and

f) To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, all such copies must bear the appropriate confidentiality designations as set forth above. When documents are produced in electronic form, the Producing Party shall indicate that the electronic medium containing such documents contains Protected Information under this Protective Order.

### 4.3    Non-Party Discovery

During the course of this case, non-parties may be called upon to produce Protected Information that will become Discovery Materials in this case.   When this occurs, a producing non-party is considered to be a Producing Party under this Protective Order, and is protected under this Protective Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

Information originating with a non-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may designate the Discovery Material as containing Protected Information, and the designated Protected Information shall be subject to the restrictions on disclosure specified in this Protective Order.

The foregoing notwithstanding, if a party has a good faith belief that the production of Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with the non-party to resolve the confidentiality issue.   If this issue cannot be resolved then the Producing Party shall (1) immediately notify the Receiving Party; (2) identify the non-party; (3) provide the Receiving Party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation.   All parties shall attempt to resolve all disputes promptly, informally, and in good faith.   If the parties are unable to resolve the matter, the prospective Receiving Party may seek relief from the Court.   In any such dispute, the Producing Party shall have the

burden of showing good cause as to why disclosure is not warranted. No disclosure is required until the objection is resolved.

A non-party's use of this Protective Order to designate Protected Information does not entitle that non-party access to any other Protected Information produced by any party in this case.

### 4.4    Changing the Designation of Discovery Material

In the event any party desires to change the designation of Discovery Material that it produced from no designation to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Protective Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

### 4.5    Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating Discovery Materials as Protected Information. In the event that the party receiving Protected Information disagrees with the designation (or changed designation) by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties will engage in a good faith effort to try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within five (5) business days of having requested a meeting of counsel, the Receiving Party may apply to

the Court for relief at any time. Any such disputed items shall be treated as originally designated by the Designating Party and subject to the protections of this Protective Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

### 4.6 No Presumption of Protected Status

This Protective Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power. Nothing in this Protective Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information. If a Receiving Party believes that any information is improperly designated under this Protective Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

### 5. USE AND DISCLOSURE OF PROTECTED INFORMATION

Documents and things exchanged during this litigation shall only be used in this case, and their use shall be governed by this Protective Order.

No Receiving Party or other person receiving any Protected Information in accordance with this Protective Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

### 5.1   Disclosure of CONFIDENTIAL Discovery Material

Discovery Material designated as CONFIDENTIAL, including such copies as are reasonably necessary for maintaining, defending or evaluating this case, may be furnished and disclosed to Outside Counsel for a Receiving Party, and may be made available, as necessary, and at the direction of Outside Counsel, to the employees of the Receiving Party (and their supporting personnel) involved with maintaining, defending or evaluating the claims and defenses at issue in this case, provided that said employee has duly executed the Confidentiality Agreement attached as Exhibit A and that executed Exhibit A has been provided to the Producing Party.

### 5.2   Disclosure of ATTORNEYS' EYES ONLY Discovery Material

Discovery Material designated as ATTORNEYS' EYES ONLY, including such copies as are reasonably necessary for maintaining, defending or evaluating this case, may be furnished and disclosed to Outside Counsel for a Receiving Party, and may be made available, as necessary, to the Receiving Party's Legal Department and supporting personnel within the Legal Department at the direction of Outside Counsel.  At no time shall the Receiving Party disclose any Discovery Material designated as ATTORNEYS' EYES ONLY to any non-legal employees of Receiving Party.

### 5.3   Disclosures of Protected Information to Expert Witnesses or Outside Consultants

Subject to the requirement that the person(s) receiving the Protected Information duly execute the Confidentiality Agreement attached as Exhibit A and this section, disclosure of Protected Information may be made to an Expert Witness or Outside Consultant retained by, and under the direction of, Outside Counsel, for purposes relating to this litigation.  Prior to disclosing any Protected Information to any Outside Consultant,

Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Expert Witness or Outside Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

### 5.3.1.    Procedure

Prior to the disclosure of any Protected Information to any non-legal employee of the Receiving Party or to any Expert Witness or Outside Consultant, the Receiving Party shall give at least ten (10) days' written notice to the Designating Party, providing:

    a) the name, business title and business address of each individual to whom the disclosure of Protected Information is proposed to be made; and

    b) a copy of the Agreement to Protective Order signed and dated by said individual; and

    c) for non-legal employees of the Receiving Party, specifically identify by Bates Numer or other individually identifying means, the Protected Information to be provided to said individual.

Additionally, for each proposed Expert Witness or Outside Consultant, the Receiving Party shall also provide:

    d) a recent curriculum vitae for the proposed Expert Witness or Outside Consultant showing at least their education and work experience;

    e) if not contained within the curriculum vitae, a list of any previous or current relationships (personal or professional) between the proposed Expert Witness or Outside Consultant and any party to this litigation; and

f) if not contained within the curriculum vitae, a list of all other cases in which the proposed Expert Witness or Outside Consultant has testified (at trial or deposition) in the past ten years;

g) if not contained within the curriculum vitae, a list of all companies for which the proposed Expert Witness or Outside Consultant has provided consulting services, either directly or through a consulting firm; and

h) if not contained within the curriculum vitae, all companies for which the proposed Expert Witness or Outside Consultant has been employed, within the last five years.

The listing of information required under this paragraph, as appropriate, may itself be designated as Protected Information under this Protective Order.

No disclosure of Protected Information shall be made to any non-legal employee of Receiving Party or any such proposed Expert Witness or Outside Consultant until after the expiration of the foregoing notice period.

### 5.3.2. Procedure for Objection to a Recipient of Protected Information

If, during the five (5) business day notice period, a party serves a good faith objection to the proposed disclosure to showing the proposed recipient Protected Information, there shall be no disclosure of said Protected Information to that individual pending resolution of the objection.

Consent to the disclosure of Protected Information to a proposed individual shall not be unreasonably withheld. The party objecting to disclosure of Protected Information to the proposed individual shall provide an explanation of the basis of its objection. The

party seeking to provide Protected Information to the proposed individual shall then have five (5) business days after such objection is served to respond to the objection. After receipt of the response, the objecting party shall then have five (5) business days to either reach agreement with the other party, or, if no agreement is reached, file an objection with the court and seek a motion for Protective Order or Disqualification of the proposed Expert Witness or Outside Consultant, or other appropriate relief as the Court deems necessary. No Protected Information shall be provided to the proposed Expert Witness or Outside Consultant until after resolution of the objection either by the parties or by the Court.

In cases where a Receiving Party is seeking to disclose Protected Information to one of its non-legal employees to which the Producing Party has objected, the Receiving Party bears the burden of demonstrating to the Court, through an appropriate motion, that its disclosure is reasonable and necessary as defined in this Protective Order.

Failure to file an objection as specified in this Paragraph constitutes a waiver of an objection to disclosure of Protected Information to an Expert Witness or Outside Consultant properly identified and proposed through the mechanism described in Paragraph 5.3.1.

### 5.4    Public Documents

None of the restrictions set forth in this Protective Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Protective Order. Nothing in this Protective Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information from the other party or a non-party or that is discovered independently by the Receiving Party. In addition, the terms of the treatment of the

Protected Information shall be effective only upon the effective date of this Protective Order.

### 5.5 Disclosure to Persons Attending Depositions

Counsel for either party shall have the right to exclude from depositions, other than the deponent, the deponent's counsel, the deposing counsel, the videographer and the reporter, any person who is not authorized under this Protective Order to receive Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or including the Protected Information.

### 5.6 Designation of Deposition Testimony or Exhibits as Protected Information

Any party or nonparty may orally designate at the deposition any portion of the testimony as Protected Information, either Confidential or Attorneys' Eyes Only, and subject to the terms of this Protective Order. Further, any party or nonparty may also designate any portion of the deposition transcript as Confidential or as Attorneys' Eyes Only within thirty (30) days after receipt of the transcript. The party or nonparty making such additional designation shall advise opposing counsel and the court reporter of the additional designation by letter making reference to the specific pages and exhibits to be so designated. The court reporter shall then mark the face of the transcript containing such confidential testimony and/or exhibits "Confidential Pursuant to Court Order" or "Attorneys' Eyes Only Pursuant to Court Order," as appropriate.

### 5.7 Disclosure to Author or Recipient

Notwithstanding any other provision, nothing in this Protective Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person that the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of

such Discovery Material. In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

### 5.8    Disclosure of a Party's Own Information

The restrictions on the use of Discovery Material established by the Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 5.9    Disclosures to the Court or Jury

Disclosure of Protected Information may be made to this Court, its personnel and the jury for this case and cases between the same parties or Related Entities. Any Discovery Material containing Protected Information filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.

The party filing any paper that reflects or contains any Protected Information shall file such paper in a sealed envelope bearing the title of this case or a case between the between the same parties or Related Entities, the case number, the name of the party filing the paper, the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents subject to a protective order of the Court entered on [date of order]. It should not be opened nor its contents

disclosed, revealed or made public except by order of the Court or agreement of the parties.

### 5.10   Disclosure to Necessary Personnel

Disclosure of Protected Information may be made to vendors retained by or for the parties to assist in preparing for pretrial discovery, evidentiary hearings, or trial including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare audiovisual or demonstrative aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, and such and other clerical employees whose duties and responsibilities normally require access to such materials.

### 6.   INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION

The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) shall apply to this action, and that this section is to be construed as consistent with those rules.

Inadvertent failure to designate Discovery Material as Protected Information, or the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege, shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production or disclosure.

Inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that

summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. Documents or information returned under this clawback provision must be entered on a privilege log identifying such inadvertently produced or disclosed document.

The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

7.      **DUTY TO RETURN OR DESTROY DISCOVERY MATERIAL**

Within sixty (60) calendar days after conclusion of the above-captioned case (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney work product documents) shall be either returned to the Designating Party or shall be destroyed. Counsel for each party shall be entitled, however, to retain a single copy of Discovery Material containing Protected Information for its files. Counsel for any party (or non-party receiving Protected Information) shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) calendar days after the conclusion of the above-captioned case.

## 8. MISCELLANEOUS

### 8.1 Continuing Jurisdiction

After the conclusion of the above-captioned case or cases between the same parties or Related Entities, the provisions of this Protective Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Protective Order, in order to enforce the provisions of this Protective Order.

### 8.2 Interpretation

Should the parties have any issues concerning the interpretation of this Protective Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Protective Order are supplied for convenience only and shall not be taken into account in the interpretation of this Protective Order.

### 8.3 Modification

This Protective Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case or cases between the same parties or Related Entities as to any party.

### 8.4 Outside Counsel's Communication with Client

Nothing in this Protective Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such

communications or advice shall not disclose or reveal Protected Information in violation of this Protective Order.

### 8.5    No Probative Value

The Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information.  The fact that information is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." This Protective Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Protective Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

### 8.6    Logging of Privileged Materials

Privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action after January 31, 2012.

### 8.7    Redacted Materials

Any disclosing party may redact from the documents and things it produces matter that the disclosing party claims is subject to the attorney-client privilege, work product

immunity, a legal prohibition against disclosure, or any other privilege or immunity. The disclosing party shall mark each thing where matter has been redacted with a legend stating "REDACTED." Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The disclosing party shall preserve an unredacted version of each such document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of a privilege.

For motions and other submissions that are to be filed under seal with the Court because the submissions contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, a redacted version of the submission must be provided to opposing party at the same time the under-seal submission is served on the opposing party.

**SO ORDERED.**

PETER OPPENEER
MAGISTRATE JUDGE
Dated: 7/16/12 , 2012

21